## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| HEWLETT-PACKARD COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No._____ |
| | ) | |
| SBC LABORATORIES, INC., and | ) | |
| SBC KNOWLEDGE VENTURES GP, INC., | ) | |
| | ) | |
| Defendants. | ) | |

### HEWLETT-PACKARD'S COMPLAINT FOR
### DECLARATORY JUDGMENT, AND DEMAND FOR JURY TRIAL

Plaintiff Hewlett-Packard Company ("HP") alleges as follows for its

Complaint for Declaratory Judgment against Defendants SBC Laboratories, Inc. ("SBC

Labs") and SBC Knowledge Ventures GP, Inc. ("SBC KV") (collectively "SBC"):

### PARTIES

1.     Plaintiff HP is a Delaware corporation having its principal place of business at

3000 Hanover Street, Palo Alto, California 94304.

2.     On information and belief, Defendant SBC Labs is a Delaware corporation

having its principal place of business at 2600 Camino Ramon, San Ramon, California 94583.

3.     On information and belief, Defendant SBC KV is a Delaware corporation

having its principal place of business at 6500 River Place Boulevard, Austin, Texas 78730.

### JURSIDICTION AND VENUE

4.     HP brings this action under the Patent Laws, Title 35 of the United States

Code, and under 28 U.S.C. § 2201, to obtain a declaration of non-infringement and/or

invalidity with respect to SBC's U.S. Patent Nos. 5,530,845 ("the '845 patent"); 5,790,828

("the '828 patent"); 5,671,385 ("the '385 patent"); 5,745,792 ("the '792 patent"); and

5,477,518 ("the '518 patent") (collectively "the patents-in-suit").  Since this action arises

under the Patent Laws of the United States, this Court has subject matter jurisdiction under

28 U.S.C. §§ 1331 and 1338(a).

     5.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c),

and 1400(b).

## BACKGROUND

     6.     HP restates and realleges the allegations set forth in paragraphs 1 through 5

and incorporates them by reference.

     7.     On information and belief, SBC Labs is the current assignee of the '845, '828,

'385, '792, and '518 patents.

     8.     On information and belief, SBC KV asserts the patents-in-suit on behalf of

SBC Labs.

     9.     On February 15, 2001, Harley D. Frost of SBC Labs wrote a letter to HP

attorney Michael Jones in California asserting that SBC Labs had reviewed HP's product

lines and that three of the patents-in-suit, the '845, '385, and '792 patents, would be of

"significant interest" to HP.  SBC Labs offered HP the opportunity to license the three

patents.  The February 15, 2001, Frost letter is attached as Exhibit A.

     10.     On October 24, 2001, Frost again wrote to HP's Jones in California about the

same three of the patents-in-suit.  Frost wrote that he had not heard from HP and asked HP to

contact him "immediately to arrange a meeting to discuss terms of an appropriate license

grant."  The October 24, 2001 Frost letter is attached as Exhibit B.

     11.     On February 27, 2003, SBC Labs filed suit in the Northern District of Texas

against three defendants, Inrange Technologies Corp., Eclipsys Corp., and Resource

Bancshares Mortgage Group, Inc. ("RBMG"), alleging infringement of one of the patents-in-

suit, the '845 patent.  The complaint alleged that RBMG was infringing the '845 patent by its

use of storage area network equipment.  HP was a major supplier of the allegedly infringing

storage area network equipment used by RBMG.  On information and belief, RBMG and

Eclipsys were dismissed from the case in 2004.  The case against Inrange proceeded into 2005 and, according to SBC, was recently settled.

12.    Throughout 2004 and into early 2005, SBC continued to press HP about the '845, '385, and '792 patents.  During the negotiation of an alliance between SBC Communications and HP in 2004, SBC raised the patent issue with HP.  SBC Communications' Controller, John Stephens, again pressed the patent issue with HP's Controller, John Flaxman, in October 2004, with several calls exchanged between Stephens and Flaxman between December 2004 and March 2005.

13.    On March 21, 2005, Umesh Desai, Senior Counsel to SBC KV, wrote a memorandum to management of SBC Communications, Inc. and SBC KV regarding an existing business alliance between HP and SBC Communications Inc.  The subject of the memorandum was "HP's Storage Control Technology Offering."  Desai alleged that SBC owned seven patents, including the five patents-in-suit, that cover "storage control methods, systems, subsystems and protocols used in the implementation of storage area networks ('SAN')."  Desai wrote that "SBC cannot ignore a lack of resolution with regard to a continued offering of storage control technology by HP in violation of SBC's patent rights."  Desai also threatened that SBC would not resell or bundle HP storage solutions until the suit of patent rights is resolved.  Desai wrote that the '845 patent was the subject of enforcement in the Northern District of Texas, apparently referring to the above-identified litigation in paragraph 11.

14.    Under a listing entitled "**SBC REQUIREMENTS**," The Desai memorandum concluded "HP and SBC MUST reach an understanding with regard to what is permissible under SBC's patent rights."  Furthermore, Desai asserted "HP and SBC must reach resolution regarding past and ongoing use of SBC's storage technology patent rights and other IP assets.  Such resolution would include cash and non-cash payments."  Importantly, SBC forwarded this memorandum to HP shortly thereafter.  The March 21, 2005 Desai memorandum is attached as Exhibit C.

15.    Simultaneously, on March 21, 2005 SBC, increased the pressure on HP by announcing that SBC would stop reselling HP StorageWorks brand storage area networking technology.

16.    In response to a request from HP for more specific information supporting its allegations of patent infringement, Desai wrote a letter to HP on April 7, 2005, including a claim chart of the '845 patent showing alleged infringement by HP storage director products and attaching a listing (Multiple Protocol Storage Controllers, Storage Directors, and Edge Routers) representative of HP products allegedly infringing the '845 patent.  The April 7, 2005 Desai letter is attached as Exhibit D.

17.    In response to a further request by HP for more specific information supporting SBC KV's allegations of infringement, Desai wrote a letter to HP on April 18, 2005, identifying HP products "of primary interest" with respect to the '828, '385, and '792 patents-in-suit.  The April 18, 2005 Desai letter is attached as Exhibit E.

18.    Throughout the month of May 2005, HP and SBC exchanged correspondence and phone calls regarding the patents-in-suit and SBC's allegations that HP's products infringe the patents-in-suit.

19.    On June 14, SBC and HP met in an attempt to resolve their dispute regarding the patents-in-suit, but the parties were unable to reach a resolution.

20.    In that June 14 meeting, SBC demanded significant royalties from HP stemming from HP's alleged infringement of the patents-in-suit.

21.    Moreover in the June 14 meeting, SBC's John Stephens demanded millions of dollars per year from HP and repeatedly threatened to sue customers of HP's storage area networking products if HP did not settle.  Stephens specifically stated that SBC would sue HP's customers if HP refused to take a license.

22.    SBC's threat to sue HP's customers was particularly alarming to HP because at least one HP customer, RBMG, was sued in 2003 (see paragraph 11) and because another major customer was charged with infringement by SBC KV in 2005.  On March 24, 2005

SBC KV wrote to a major customer of HP's storage area networks, identifying seven patents, including the five patents-in-suit, as covering storage area networks. SBC KV notified the major customer that its "deployment of its internal storage area networks and the offer for sale of network attached storage solutions may infringe upon these patents." On May 26, 2005, the major customer provided HP with formal notice of the claim, seeking affirmation of HP's purported contractual obligation to indemnify the customer for any related infringement liability.

23.    On June 23, SBC further escalated the confrontation. SBC informed HP that it would no longer purchase HP personal computers, including desktops and laptops, until all patent suits were resolved.

24.    On July 14, SBC KV further threatened HP. SBC KV's general counsel urged HP to settle its patent dispute with SBC KV, or else SBC KV would escalate the dispute by bringing in new and future HP products. In particular, SBC KV's general counsel mentioned the HP Storageworks Virtual Library System as an additional product to which SBC might begin to assert patent coverage.

25.    In communications to HP on July 19, SBC announced that it stopped purchasing all non-essential HP products.

26.    On August 12, SBC and HP held a conference call regarding the patents-in-suit. The parties were unable to reach any agreement on the patent dispute, and all discussions between the parties ceased.

27.    In view of SBC's repeated allegations of infringement of the patents-in-suit against HP; SBC's prior lawsuit against storage area network manufacturers, resellers, and customers; SBC's prior lawsuit against HP customer RBMG; SBC's threats to sue HP customers; SBC's demand for significant royalty payments; SBC's escalation of pressure on HP to license the patents-in-suit; and the final breakdown of discussions between HP and SBC, HP has reasonable apprehension of imminent suit by SBC against HP or its customers, alleging that HP is infringing the patents-in-suit.

## First Count:  Declaratory Judgment of
## Noninfringement and Invalidity of U.S. Pat. No. 5,477,518

28.     HP restates and realleges the allegations set forth in paragraphs 1 through 27 and incorporates them by reference.

29.     On information and belief, SBC Labs is the owner by assignment of the '518 patent, entitled "Detachable Storage Assembly," a copy of which is attached as Exhibit F.

30.     HP has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise, any of the claims of the '518 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers.

31.     The '518 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## Second Count:  Declaratory Judgment of
## Noninfringement and Invalidity of U.S. Pat. No. 5,530,845

32.     HP restates and realleges the allegations set forth in paragraphs 1 through 27 and incorporates them by reference.

33.     On information and belief, SBC Labs is the owner by assignment of the '845 patent, entitled "Storage Control Subsystem Implemented With an Application Program on a Computer," a copy of which is attached as Exhibit G.

34.     HP has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise, any of the claims of the '845 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers.

35.    The '845 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### Third Count:  Declaratory Judgment of
### Noninfringement and Invalidity of U.S. Pat. No. 5,671,385

36.    HP restates and realleges the allegations set forth in paragraphs 1 through 27 and incorporates them by reference.

37.    On information and belief, SBC Labs is the owner by assignment of the '385 patent, entitled "Memory Subsystem with Disk Meshing, Controller Meshing, and Efficient Cache Buffer Lookup," a copy of which is attached as Exhibit H.

38.    HP has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise, any of the claims of the '385 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers.

39.    The '385 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### Fourth Count:  Declaratory Judgment of
### Noninfringement and Invalidity of U.S. Pat. No. 5,745,792

40.    HP restates and realleges the allegations set forth in paragraphs 1 through 27 and incorporates them by reference.

41.    On information and belief, SBC Labs is the owner by assignment of the '792 patent, entitled "System for Automatically and Continuously Tuning Tunable Parameters by Setting Tuning Mechanism to Tune a Next Tunable Parameter after Maintaining Means Maintained Parameter Change," a copy of which is attached as Exhibit I.

42.     HP has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise, any of the claims of the '792 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers.

43.     The '792 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

### Fifth Count:  Declaratory Judgment of Noninfringement and Invalidity of U.S. Pat. No. 5,790,828

44.     HP restates and realleges the allegations set forth in paragraphs 1 through 27 and incorporates them by reference.

45.     On information and belief, SBC Labs is the owner by assignment of the '828 patent, entitled "Disk Meshing and Flexible Storage Mapping with Enhanced Flexible Caching," a copy of which is attached as Exhibit J.

46.     HP has not infringed and is not infringing, either directly or indirectly, contributorily or otherwise, any of the claims of the '828 patent, either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers.

47.     The '828 patent is invalid under one or more of 35 U.S.C. §§ 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, HP respectfully requests that this Court:

A.    declare that HP has not infringed and is not infringing, directly or indirectly, any of the claims of U.S. Patent Nos. 5,477,518; 5,530,845; 5,671,385; 5,745,792; or 5,790,828 by making, using, selling, offering for sale, or importing HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, or ProLiant Storage Servers;

B.    declare that the claims of U.S. Patent Nos. 5,477,518; 5,530,845; 5,671,385; 5,745,792; and 5,790,828 are invalid;

C.    declare this case exceptional under 35 U.S.C. § 285 and award HP its costs, disbursements, and attorney fees in connection with this action; and

D.    award HP such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

HP respectfully requests a trial by jury on all issues so triable.

ASHBY & GEDDES

Steven J. Balick (I.D.#2114)
John G. Day (I.D. #2403)
222 Delaware Avenue, 17th Floor
P.O. Box 1150
Wilmington, DE  19899
Tel:  302-654-1888
Fax: 302-654-2067
sbalick@ashby-geddes.com
jday@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Roger D. Taylor
Douglas S. Weinstein
FINNEGAN, HENDERSON, FARABOW,
       GARRETT AND DUNNER, L.L.P.
303 Peachtree Street, Suite 3200
Atlanta, Georgia 30308
Telephone:  (404) 653-6400
Facsimile:  (404) 653-6444

Dated:  August 12, 2005

160426.1