IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, )<br>)<br>*Plaintiff/Counter-Defendant*, )<br>)<br>v. )<br>)<br>SBC LABORATORIES, INC. and )<br>SBC KNOWLEDGE VENTURES GP, INC., )<br>)<br>*Defendants/Counter-Plaintiffs*. )<br>_____) | C.A. No. 05-595 (SLR) |

## SBC LABORATORIES INC.'S AND SBC KNOWLEDGE VENTURES GP, INC.'S ANSWER AND COUNTERCLAIMS

SBC Laboratories, Inc. ("SBC Labs") and SBC Knowledge Ventures GP, Inc. ("SBC KV") (collectively "SBC") answer the Complaint for Declaratory Judgment filed by Hewlett-Packard Company ("HP") as follows:

### I. ANSWER

1. Admitted.

2. Admitted.

3. Admitted.

4. SBC admits that HP filed a Complaint for a declaration of non-infringement and/or invalidity with respect to SBC's U.S. Patent Nos. 5,530,845 ("the '845 patent"); 5,790,828 ("the '828 patent"); 5,671,385 ("the '385 patent"); 5,745,792 ("the '792 patent"); and 5,477,518 ("the '518 patent") (collectively, "the patents-in-suit"), that the action

arises under the Patent Laws of the United States, and that this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). SBC denies the allegations of this paragraph to the extent they suggest that the patents are not infringed and/or invalid.

5. Admitted.

6. SBC restates and realleges its responses to paragraphs 1-5 and incorporates them by reference.

7. Admitted.

8. SBC admits that SBC KV is responsible for enforcing the patents-in-suit on behalf of SBC Labs. SBC denies the allegations of this paragraph to the extent they allege further.

9. SBC admits that on February 15, 2001, Harlie D. Frost of SBC Labs wrote a letter to HP attorney Michael Jones, and that the letter is attached as Exhibit A to the Complaint. The content of the letter speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the letter itself.

10. SBC admits that on October 24, 2001, Frost again wrote to HP's Jones, and that the letter is attached as Exhibit B to the Complaint. The content of the letter speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the letter itself.

11. SBC admits that on February 27, 2003, SBC Labs filed suit in the Northern District of Texas against three defendants, Inrange Technologies Corp., Eclipsys Corp., and Resource Bancshares Mortgage Group, Inc. ("RBMG"), alleging infringement of the '845 patent. The allegations of the Complaint speak for themselves. SBC further admits that RBMG and Eclipsys were dismissed from the case in 2004, and that SBC settled with Inrange in 2005.

SBC lacks information sufficient to admit or deny that HP was a major supplier of storage area network equipment used by RBMG. To the extent this paragraph alleges anything further, it is denied.

12.  SBC admits that in the context of an alliance (the "Alliance") between a subsidiary of SBC Communications, Inc. ("SBC Communications") and HP in 2004, SBC raised patent issues with HP. SBC denies the remainder of the allegations of this paragraph.

13.  SBC admits that Umesh Desai, Senior Counsel to SBC KV, wrote a memorandum to management relating to the Alliance. The content of the memorandum speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the memorandum itself.

14.  SBC admits that the Desai memorandum is attached as Exhibit C to the Complaint. The content of the memorandum speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the memorandum itself.

15.  Denied.

16.  SBC admits that Desai wrote a letter to HP on April 7, 2005 and that the April 7, 2005 letter is attached as Exhibit D to the Complaint. The content of the letter speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the letter itself.

17.  SBC admits that Desai wrote a letter to HP on April 18, 2005 and that the April 18, 2005 letter is attached as Exhibit E to the Complaint. The content of the letter speaks for itself and SBC denies the remainder of the allegations of this paragraph to the extent they extend beyond the content of the letter itself.

18. SBC admits that during the month of May 2005, SBC and HP exchanged correspondence regarding the patents-in-suit and HP products. SBC denies the allegations of this paragraph to the extent they extend further.

19. Admitted.

20. Denied.

21. Denied.

22. SBC lacks information sufficient to admit or deny the allegations of this paragraph and accordingly denies same.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

### First Count: Declaratory Judgment of Noninfringement and Invalidity of U.S. Pat. No. 5,477,518

28. SBC restates and realleges its responses to paragraphs 1-27 and incorporates them by reference.

29. Admitted.

30. Denied.

31. Denied.

## Second Count: Declaratory Judgment of
## Noninfringement and Invalidity of U.S. Pat. No. 5,530,845

32. SBC restates and realleges its responses to paragraphs 1-31 and incorporates them by reference.

33. Admitted.

34. Denied.

35. Denied.

## Third Count: Declaratory Judgment of
## Noninfringement and Invalidity of U.S. Pat. No. 5,671,385

36. SBC restates and realleges its responses to paragraphs 1-35 and incorporates them be reference.

37. Admitted.

38. Denied.

39. Denied.

## Fourth Count: Declaratory Judgment of
## Noninfringement and Invalidity of U.S. Pat. No. 5,745,792

40. SBC restates and realleges its responses to paragraphs 1-39 and incorporates them be reference.

41. Admitted.

42. Denied.

43. Denied.

### Fifth Count: Declaratory Judgment of
### Noninfringement and Invalidity of U.S. Pat. No. 5,790,828

44. SBC restates and realleges its responses to paragraphs 1-43 and incorporates them be reference.

45. Admitted.

46. Denied.

47. Denied.

## II. COUNTERCLAIMS

1. Plaintiff/Counter-Defendant Hewlett-Packard Company ("HP") is a Delaware corporation having its principal place of business at 3000 Hanover Street Palo Alto, California 94304.

2. Defendant/Counter-Plaintiff SBC Laboratories, Inc. ("SBC Labs") is a Delaware corporation having a principal place of business at 2600 Camino Ramon, San Ramon, California 94583.

3. Defendant/Counter-Plaintiff SBC Knowledge Ventures GP, Inc. ("SBC KV") is a Delaware corporation having a principal place of business at 6500 Riverplace Boulevard, Austin, Texas 78730. SBC KV manages and enforces the intellectual property of its ultimate parent, SBC Communications, Inc. ("SBC Communications"), and SBC Labs. SBC Labs and SBC KV are referenced collectively in these Counterclaims as "SBC."

4. HP brought this action to obtain a declaration of non-infringement and/or invalidity with respect to SBC's U.S. Patent Nos. 5,530,845 ("the '845 patent"); 5,790,828 ("the '828 patent"); 5,671,385 ("the '385 patent"); 5,745,792 ("the '792 patent"); and 5,477,518 ("the

'518 patent") (collectively, "the patents-in-suit"). Since this action arises under the Patent Laws of the United States, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

5. Venue in this judicial district is proper under 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

6. In 2004, a wholly owned subsidiary of SBC Communications and HP negotiated an alliance (the "Alliance") wherein the SBC Communications subsidiary and HP would attempt to sell jointly services and equipment, including HP's storage equipment.

7. In the context of negotiating the Alliance, SBC raised with HP a concern regarding HP's possible infringement of seven patents related to data storage. These seven patents include the five patents-in-suit, as well as U.S. Patent Nos. 6,766,375 ("the '375 patent") and 6,405,254 ("the '254 patent"). HP did not provide any position nor information on whether its products infringe these seven patents, which are referenced hereinafter as the "seven SBC patents."

8. In March 2005, in the context of dispute resolution procedures in the Alliance, SBC forwarded to HP a "Correction of Errors Report" (attached as Exhibit C to HP's Complaint), which identified the seven SBC patents and raised again SBC's concerns regarding HP's possible infringement of these patents.

9. HP responded by requesting 45 days to investigate its own products vis-à-vis SBC's patents and provide SBC with a response. SBC cooperated with HP and provided all requested information, including a list of more than 30 specific HP products of concern (hereinafter, the "HP products of concern") out of thousands of possible HP products.

10. SBC identified the HP products of concern based on published HP literature describing functional characteristics of these products. However, several of the seven SBC patents relate to the internal operation of storage equipment. The details of the internal operation of the HP products are not visible to a person inspecting the equipment, nor described in published HP documentation concerning these products. SBC identified the HP products of concern by studying the published literature and making inferences on how the HP products could reasonably operate based on the information known.

11. During the months of April 2005 through August 2005, representatives of SBC and HP had numerous telephone conversations and exchanged several letters and e-mails concerning the seven SBC patents. Senior management of both companies also met in person on June 14, 2005.

12. In these communications, SBC specifically identified the HP products of concern. SBC also requested specific product manuals and design documents concerning the HP products of concern. In response, HP provided only conclusory position statements that some of the HP products of concern do not infringe. For many products HP provided no position at all. HP, despite having full knowledge of the structure and operation of its products, did not provide any documentation supporting the positions it took nor provide any detailed information on the design and engineering of its products. Several of HP's positions conflict with publicly available documentation concerning the HP products of concern.

13. At no time during these communications did SBC ever threaten to file suit.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,530,845

14. SBC restates and realleges its allegations in paragraphs 1-13 and incorporates them by reference.

15. SBC Labs is the owner by assignment of the '845 patent, entitled "Storage Control Subsystem Implemented With an Application Program on a Computer."

16. HP has had notice of the '845 patent since at least 2001.

17. After a reasonable opportunity for further investigation or discovery, SBC is likely to have evidentiary support that HP has infringed, induced infringement of, and/or contributorily infringed the '845 patent by making, using, selling, offering for sale, and/or importing storage equipment including but not limited to HP's MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, XP Storage Arrays, MSA Storage Arrays, Virtual Library Systems, Multi-Protocol Routers and Gateways, B-Series Switches, C-Series Switches, and/or ProLiant Storage Servers, and will continue to do so unless enjoined by the Court.

18. HP's infringement has been willful.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,790,828

19. SBC restates and realleges its allegations in paragraphs 1-18 and incorporates them by reference.

20. SBC Labs is the owner by assignment of the '828 patent, entitled "Disk Meshing And Flexible Storage Mapping With Enhanced Flexible Caching."

21. HP has had notice of the '828 patent since at least 2004.

22. After a reasonable opportunity for further investigation or discovery, SBC is likely to have evidentiary support that HP has infringed, induced infringement of, and/or contributorily infringed the '828 patent by making, using, selling, offering for sale, and/or importing storage equipment, and will continue to do so unless enjoined by the Court.

23. HP's infringement has been willful.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 5,671,385

24. SBC restates and realleges its allegations in paragraphs 1-23 and incorporates them by reference.

25. SBC Labs is the owner by assignment of the '385 patent, entitled "Memory Subsystem With Disk Meshing, Controller Meshing, And Efficient Cache Buffer Lookup."

26. HP has had notice of the '385 patent since at least 2001.

27. After a reasonable opportunity for further investigation or discovery, SBC is likely to have evidentiary support that HP has infringed, induced infringement of, and/or contributorily infringed the '385 patent by making, using, selling, offering for sale, and/or importing storage equipment, and will continue to do so unless enjoined by the Court.

28. HP's infringement has been willful.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,745,792

29. SBC restates and realleges its allegations in paragraphs 1-28 and incorporates them by reference.

30. SBC Labs is the owner by assignment of the '792 patent, entitled "System For Automatically And Continuously Tuning Tunable Parameters By Setting Tuning Mechanism To Tune A Next Tunable Parameter After Maintaining Means Maintained Parameter Change."

31. HP has had notice of the '792 patent since at least 2001.

32. After a reasonable opportunity for further investigation or discovery, SBC is likely to have evidentiary support that HP has infringed, induced infringement of, and/or contributorily infringed the '792 patent by making, using, selling, offering for sale, and/or importing storage equipment, and will continue to do so unless enjoined by the Court.

33. HP's infringement has been willful.

## RESERVATION OF RIGHTS REGARDING OTHER PATENTS-IN-SUIT

34. HP's Complaint also sought a declaration of non-infringement and/or invalidity with respect to SBC's '518 patent. SBC reserves the right to assert counterclaims for infringement of the '518 patent and/or other SBC patents, after the opportunity for further discovery.

## PRAYER FOR RELIEF

WHEREFORE, SBC respectfully requests that this Court:

A. Determine that HP is liable for infringement directly, by inducement or contributorily of one or more claims of the '845, '385, '792 and '828 patents.

B. Declare that the claims of the '845, '385, '792, '828 and '518 patents are not invalid;

C. Award SBC damages adequate to compensate for such infringement;

D. Determine that HP's infringing conduct was willful;

E.   Increase the damages up to three times, under the authority of 35 U.S.C. § 284;

F.   Determine this case to be exceptional under 35 U.S.C. § 285 and award SBC its costs, disbursements, and attorney fees in connection with this action; and

G.   Preliminarily and permanently enjoin HP, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation who receive actual notice of the injunction, from further infringement of the '845, '385, '792, and '828 patents.

H.   Grant SBC such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

SBC respectfully requests a trial by jury on all issues so triable.

**CONNOLLY BOVE LODGE & HUTZ LLP**

*/s/ Kevin F. Brady*
Collins J. Seitz, Jr. (Bar No. 2237)
Kevin F. Brady (Bar No. 2248)
1007 North Orange Street
P.O. Box 2207
Wilmington, DE  19899
Tel: (302) 658-9141

*Attorneys for Defendants*

OF COUNSEL:

Ernie L. Brooks
Frank A. Angileri
Marc D. Chuey
**BROOKS KUSHMAN P.C.**
1000 Town Center
Twenty-Second Floor
Southfield, Michigan 48075
Tel:   (248) 358-4400
Fax:   (248) 358-3351

Michael K. Kellogg
Peter W. Huber
John Christopher Rozendaal
**KELLOGG, HUBER, HANSEN, TODD,
EVANS & FIGEL, P.L.L.C.**
Sumner Square
1615 M Street, N.W., Suite 400
Washington, DC 20036
Tel: (202) 326-7900
Fax: (202) 326-7999

Martin E. Grambow
Javier Aguilar
**SBC SERVICES, INC.**
175 E. Houston, #258
San Antonio, TX 78205
Tel: (210) 351-3428
Fax: (210) 351-3509

## CERTIFICATE OF SERVICE

I certify that on October 6, 2005, I caused SBC Laboratories Inc.'s and SBC Knowledge Ventures GP Inc.'s Answer and Counterclaims to be electronically served on counsel of record as follows:

>Steven J. Balick, Esquire
>John G. Day, Esquire
>Ashby & Geddes
>222 Delaware Avenue, 17th Floor
>P.O. Box 1150
>Wilmington, DE 19899

/s/ Kevin F. Brady
Kevin F. Brady (Bar No. 2248)
Connolly Bove Lodge & Hutz LLP
1007 North Orange Street
P.O. Box 2207
Wilmington, DE 19899