IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| HEWLETT-PACKARD COMPANY, | ) |
| | ) |
| *Plaintiff/Counter-Defendant,* | ) |
| | ) |
| v. | ) C.A. No. 05-595-SLR |
| | ) |
| SBC LABORATORIES, INC., and | ) |
| SBC KNOWLEDGE VENTURES GP, INC., | ) |
| | ) |
| *Defendants/Counter-Plaintiff.* | ) |

**HEWLETT-PACKARD COMPANY'S REPLY TO SBC LABORATORIES INC.'S AND SBC KNOWLEDGE VENTURES GP, INC.'S COUNTERCLAIMS**

Hewlett-Packard Corporation ("HP") replies to the Counterclaims asserted by SBC Laboratories, Inc. ("SBC Labs") and SBC Knowledge Ventures GP, Inc. ("SBC KV") (collectively "SBC") as follows:

1. Admitted.

2. Admitted.

3. HP admits that SBC KV is a Delaware corporation. HP is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 3, and therefore denies the same.

4. Admitted.

5. Admitted.

6. HP admits that, in 2004, SBC and HP held negotiations on an alliance involving the joint sales of services and equipment, including HP's storage products. HP denies the remaining allegations of this paragraph.

7. HP admits that during the alliance negotiations in 2004 SBC raised patent issues with HP. HP denies the remaining allegations of this paragraph.

8. HP admits that, in March 2005, SBC forwarded to HP a "Correction of Errors Report," which alleged that HP violated SBC's patent rights with respect to the seven SBC patents, and which was attached as Exhibit C to the Complaint in this action. HP denies the remaining allegations of this paragraph.

9. HP admits requesting time to investigate its products and requesting further information from SBC. HP admits that SBC provided a partial listing of HP products alleged to infringe the '845, '828, '385, and '792 patents. HP denies the remaining allegations of this paragraph.

10. HP lacks information sufficient to admit or deny the allegations of this paragraph and accordingly denies them.

11. Admitted.

12. Denied.

13. Denied.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,530,845

14. HP restates and realleges its responses to paragraphs 1-13 and incorporates them by reference.

15. Publicly available records from the U.S. Patent and Trademark Office indicate that SBC Labs is the owner by assignment of the '845 patent.

16. Admitted.

17. Denied.

18. Denied.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 5,790,828

19. HP restates and realleges its responses to paragraphs 1-18 and incorporates them by reference.

20. Publicly available records from the U.S. Patent and Trademark Office indicate that SBC Labs is the owner by assignment of the '828 patent.

21. Admitted.

22. Denied.

23. Denied.

## COUNT III
## INFRINGEMENT OF U.S. PATENT NO. 5,671,385

24. HP restates and realleges its responses to paragraphs 1-23 and incorporates them by reference.

25. Publicly available records from the U.S. Patent and Trademark Office indicate that SBC Labs is the owner by assignment of the '385 patent.

26. Admitted.

27. Denied.

28. Denied.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 5,745,792

29. HP restates and realleges its responses to paragraphs 1-28 and incorporates them by reference.

30. Publicly available records from the U.S. Patent and Trademark Office indicate that SBC Labs is the owner by assignment of the '792 patent.

31. Admitted.

32. Denied.

33. Denied.

## RESERVATION OF RIGHTS REGARDING OTHER PATENTS-IN-SUIT

34. HP admits that its Complaint sought a declaration of non-infringement and/or invalidity with respect to the '518 patent. HP denies the remaining allegations and reservations of this paragraph.

## COUNTER-PLAINTIFFS' PRAYER FOR RELIEF

35. HP denies that SBC is entitled to the judgment and relief requested in sections A to H of its Counterclaims, or to any other judgment and/or relief.

## FIRST AFFIRMATIVE DEFENSE

36. HP has not infringed and is not now infringing, either directly, contributorily, or by inducement, the '845 patent either literally or under the doctrine of equivalents.

## SECOND AFFIRMATIVE DEFENSE

37. HP has not infringed and is not now infringing, either directly, contributorily, or by inducement, the '828 patent either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE

38. HP has not infringed and is not now infringing, either directly, contributorily, or by inducement, the '385 patent either literally or under the doctrine of equivalents.

## FOURTH AFFIRMATIVE DEFENSE

39. HP has not infringed and is not now infringing, either directly, contributorily, or by inducement, the '792 patent either literally or under the doctrine of equivalents.

**FIFTH AFFIRMATIVE DEFENSE**

40. The '845 patent is invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112.

**SIXTH AFFIRMATIVE DEFENSE**

41. The '828 patent is invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112.

**SEVENTH AFFIRMATIVE DEFENSE**

42. The '385 patent is invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112.

**EIGHTH AFFIRMATIVE DEFENSE**

43. The '792 patent is invalid for failure to comply with one or more of the conditions for patentability specified in 35 U.S.C. §§ 102, 103, and 112.

**NINTH AFFIRMATIVE DEFENSE**

44. Upon information and belief, SBC's damages claims with regard to the '845, '385, and '792 patents are barred by laches.

**TENTH AFFIRMATIVE DEFENSE**

45. Upon information and belief, SBC's infringement claims with regard to the '845, '385, and '792 patents are barred by estoppel.

**RIGHT TO ASSERT ADDITIONAL DEFENSES**

44. HP's investigations into the allegations set forth in the Counterclaims are ongoing and discovery has not yet commenced. HP expressly reserves the right to assert and pursue additional defenses.

- 6 -

          ASHBY & GEDDES

          */s/ Lauren E. Maguire*
          _____
          Steven J. Balick (I.D. #2114)
          John G. Day (I.D. #2403)
          Lauren E. Maguire (I.D. #4261)
          222 Delaware Avenue, 17th Floor
          P.O. Box 1150
          Wilmington, Delaware 19899
          Telephone: 302-654-1888
          Facsimile: 302-654-2067
          sbalick@ashby-geddes.com
          jday@ashby-geddes.com
          lmaguire@ashby-geddes.com

*Of Counsel*:
          *Attorneys for Plaintiff*

Roger D. Taylor
Douglas S. Weinstein
FINNEGAN, HENDERSON, FARABOW,
  GARRETT AND DUNNER, L.L.P.
303 Peachtree Street, Suite 3200
Atlanta, Georgia 30308
Telephone: 404-653-6400
Facsimile: 404-653-6444

Dated: October 26, 2005
162832.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of October, 2005, the attached **HEWLETT-PACKARD COMPANY'S REPLY TO SBC LABORATORIES INC.'S AND SBC KNOWLEDGE VENTURES GP, INC.'S COUNTERCLAIMS** was served upon the below-named counsel of record at the address and in the manner indicated:

| | |
|---|---|
| Collins J. Seitz, Jr., Esquire<br>Connolly Bove Lodge & Hutz<br>1007 North Orange Street<br>P.O. Box 2207<br>Wilmington, DE 19899 | HAND DELIVERY |
| Ernie L. Brooks, Esquire<br>Brooks Kushman P.C.<br>1000 Town Center, 22nd Floor<br>Southfield, MI 48075 | VIA FEDERAL EXPRESS |
| Michael K. Kellogg, Esquire<br>Kellogg, Huber, Hansen, Todd, Evans & Figel, P.L.L.C.<br>Sumner Square<br>1615 M Street, N.W., Suite 400<br>Washington, DC 20036 | VIA FEDERAL EXPRESS |
| Martin E. Grambow, Esquire<br>SBC Services, Inc.<br>175 East Houston, #258<br>San Antonio, TX 78205 | VIA FEDERAL EXPRESS |

/s/ Lauren E. Maguire
_____
Lauren E. Maguire

162832.1