**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **HEWLETT-PACKARD COMPANY,** | ) |
| | ) |
| *Plaintiff/Counter-Defendant*, | ) |
| | ) |
| v. | ) |
| | )    **C.A. No. 05-595-SLR** |
| | ) |
| **SBC LABORATORIES, INC. and** | ) |
| **SBC KNOWLEDGE VENTURES GP, INC.,** | ) |
| | ) |
| *Defendants/Counter-Plaintiffs*. | ) |
| | ) |

# O R D E R

At Wilmington this 22nd day of November, 2005, the parties having satisfied their obligations under Fed. R. Civ. P. 26(f), and the court having conducted a pretrial scheduling conference pursuant to Fed. R. Civ. P. 16 and D. Del. LR 16.2(a) and (b).

IT IS ORDERED that:

1.    **Pre-Discovery Disclosures.**  The parties will exchange by November 30, 2005 the information required by Fed. R. Civ. P. 26(a)(1) and D. Del. LR 16.2.

2.    **Discovery.**

(a)    Discovery will be needed on the following subjects:

(1)    The conception and reduction to practice of the inventions claimed in the patents-in-suit.

(2)    The preparation and prosecution of the patent applications which resulted in the patents-in-suit.

(3)     Attempts by SBC to license the patents in suit, including all litigation pursued by SBC in enforcing the patents-in-suit.

(4)     Products of SBC and of others, or attempts to design and manufacture or have designed and manufactured products, which are covered or SBC contends are covered by the patents-in-suit, and any revenue derived by SBC from those products.

(5)     Prior art apparatus and methods related to the patents-in-suit.

(6)     SBC's contentions regarding infringement and willfulness.

(7)     SBC's knowledge of the accused HP products listed in subject (11) below.

(8)     SBC Knowledge Ventures' right to enforce the patents-in-suit.

(9)     SBC's  leveraging of its market power in attempting to force HP to license the patents-in-suit.

(10)     SBC's alleged damages resulting from HP's alleged patent infringement.

(11)     The structure and operation of the following products sold or offered by Hewlett-Packard:  MA Storage Array Controllers, RA Storage Array Controllers, EMA Storage Array Controllers, ESA Storage Array Controllers, EVA Storage Arrays, VA Storage Arrays, XP Storage Arrays, MSA Storage Arrays, Virtual Library Systems, Multi-Protocol Routers and Gateways, B-Series Switches, C-Series Switches, and/or ProLiant Storage Servers.

(12)     HP's revenue and profit from these products.

(13)    SBC's and HP's contentions regarding infringement, invalidity, other defenses, damages and willfulness, and the documents and other things supporting such contentions.

(1)    HP's knowledge of the patents-in-suit and investigation into whether HP infringes the patents.

(b)    All fact discovery shall be commenced in time to be completed by October 2, 2006.

(1)    Document production shall be completed on or before March 28, 2006.

(2)    Maximum of fifty (50) interrogatories by each side.

(3)    In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof no later than the date established for the completion of document production, with the responsive answers due within thirty (30) days thereof.  The adequacy of all such interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

(4)    Maximum of fifty (50) requests for admission by each side.

(5)    In the absence of agreement among the parties or by order of the court, no deposition (other than those noticed under Fed. R. Civ. P. 30(b) (6)) shall be scheduled prior to the completion of document production.

(6)    Maximum of 150 hours of fact depositions.  Each individual fact deposition limited to a maximum of seven (7) hours unless extended by agreement of parties. This 150 hour total includes all time for 30 (b) (6) depositions.

(c)    Expert discovery shall be commenced in time to be completed December 15, 2006.

(1)    Expert reports on issues for which the parties have the burden of proof due September 15, 2006.  Rebuttal expert reports due November 1, 2006.

(2)    Expert depositions to be limited to a maximum of seven (7) hours each unless extended by agreement of the parties.

(3)    All <u>Daubert</u> motions shall be filed on or before December 29, 2006.

(d)    If willfulness has been asserted and absent agreement among the parties, the defendant must inform plaintiff as to whether it intends to rely on advice of counsel by August 1, 2006.  If the decision is to rely on such advice, the scope of discovery shall include the materials provided by defendant to its counsel and whatever other materials related to the issues in dispute that defendant had in its possession at the time the advice was sought.

(e)    Supplementations under Rule 26(e) due every month.

(f)    **Discovery Disputes**.

(1)    The court shall conduct in-person discovery status conferences on _____ from __ m. to _____ m., and on _____ from _____ m. to _____ m., the time to be allocated equally among the parties.

(2)     The court shall remain available to resolve by telephone conference disputes that arise during the course of a deposition and disputes over the terms of a protective order.

(3)     Absent express approval of the court following a discovery conference, no motions pursuant to Fed. R. Civ. P. 37 shall be filed.

(g)     **Fact Witnesses to be Called at Trial**.  Within one (1) month following the close of expert discovery, each party shall serve on the other parties a list of each fact witness (including any expert witness who is also expected to give fact testimony), who has previously been disclosed during discovery and that it intends to call at trial.  Within one (1) month of receipt of such fact witness list, each party shall serve a list of each rebuttal fact witness that it intends to call at trial.  The parties shall have the right to depose any such fact witnesses who have not previously been deposed in this case. Such deposition shall be held within one (1) month after service of the list of rebuttal fact witnesses and shall be limited to twenty (20) hours per side in the aggregate unless extended by agreement of the parties or upon order of the court upon good cause shown.

3.     **Joinder of other Parties and Amendment of Pleadings.**  All motions to join other parties and amend the pleadings shall be filed on or before June 1, 2006.

4.     **Settlement Conference.**  Pursuant to 28 U.S.C. § 636, this matter is referred to Magistrate Judge Thynge for the purposes of exploring ADR.

5.     **Claim Construction Issue Identification.**  If the court does not find that a limited earlier claim construction would be helpful in resolving the case, on November  15, 2006, the parties shall exchange lists of those claim terms that they believe need construction and their

proposed claim construction of those terms.  This document will not be filed with the court.

Subsequent to exchanging such lists, the parties will meet and confer to prepare a Joint Claim

Construction Statement to be submitted pursuant to paragraph 7 below.

      6.    **Summary Judgment Motions.**  All summary judgment motions shall be served

and filed with an opening brief on or before January 23, 2007.  Responsive briefs shall be due on

February 19, 2007, and reply briefs shall be due on February 28, 2007.  No summary judgment

motion may be filed more than ten (10) days from the above date without leave of the court.

      7.    **Claim Construction.**  The parties shall agree upon and file the Joint Claim

Construction Statement on December 20, 2006, with the claim chart separately docketed.  The

parties will file simultaneous opening claim construction briefs on January 23, 2007.

Simultaneous response briefs should be filed by February 19, 2007.  Issues of claim construction

shall be considered by the court in conjunction with the summary judgment motion(s) . The

hearing on the claim construction and motion(s) for summary judgment will be heard on

_____ at _____ .m.

      8.    **Applications by Motion.**  Any application to the court shall be by written motion

filed with the clerk.  **The court will not consider applications and requests submitted by**

**letter or in a form other than a motion**, absent express approval by the court.

      (a)    **Any non-dispositive motion should contain the statement required by**

**D. Del. LR 7.1.1.**

      (b)    No telephone calls shall be made to chambers.

      (c)    Any party with an emergency matter requiring the assistance of the court

shall e-mail chambers at:  slr_civil@ded.uscourts.gov.   The e-mail shall provide a short

statement describing the emergency.  NO ATTACHMENTS shall be submitted in connection with said e-mails.

9.      **Motions in Limine.  No** motions in limine shall be filed; instead the parties shall be prepared to address their evidentiary issues at the pretrial conference and during trial (before and after the trial day).

10.      **Pretrial Conference.**  A pretrial conference will be held on _____ at _____ m. in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. The Federal Rules of Civil Procedure and D. Del. LR 16.4 shall govern the pretrial conference.

11.      **Trial.**  This matter is scheduled for a three-week jury trial commencing on May 15, 2007 in courtroom 6B, sixth floor Federal Building, 844 King Street, Wilmington, Delaware. For purposes of completing pretrial preparations, the parties should plan on being allocated a total number of hours in which to present their respective cases.

_____
United States District Judge

163767.1